UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMONTE BROWN,

Plaintiff,

-against-

PRSIDENT/FOUNDER ALMA REALTY CORP,

Defendant.

1:22-CV-2648 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff DAmonte Brown, who is appearing *pro se*, filed this action invoking the Court's diversity jurisdiction. He also asserts that "liberty of party" is a jurisdictional basis of his claims. (ECF 2, at 2.) Plaintiff sues the "President/Founder" of "Alma Realty Corp," which is located in Long Island City, Queens County, New York. While his complaint is not very clear, it appears that Plaintiff seeks damages.

By order dated May 9, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action for lack of subject matter jurisdiction, but grants Plaintiff leave to replead his claims in an amended complaint.[1]

[1] Because the responses in Plaintiff's original IFP application did not establish that Plaintiff was unable to pay the fees to bring this action, by order dated April 5, 2022, the Court directed Plaintiff to either pay the fees to bring this action or submit an amended IFP application. Plaintiff submitted an amended IFP application (ECF 4) and, on the basis of Plaintiff's responses in that submission, the Court granted Plaintiff IFP status for this action. Attached to Plaintiff's amended IFP application, however, are documents in which Plaintiff asserts claims arising from incidents that allegedly occurred in the Daniel Patrick Moynihan United States Courthouse, and that have nothing to do with the allegations in Plaintiff's complaint. The Court will therefore disregard the documents attached to Plaintiff's amended IFP application. If Plaintiff wishes to assert claims arising from the incidents that allegedly occurred in the courthouse, he may assert them in a complaint commencing a separate civil action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff asserts in his complaint that the jurisdictional bases of his claims are diversity of citizenship and "liberty of party." (ECF 2, at 2.) He alleges that both he and the defendant are citizens of the State of New York, and that the events giving rise to his claims began in 2021, have continued to the present, and have occurred in the State of New York and in "electronic mail service." (*Id.* at 5.)

In his complaint's statement of claim, Plaintiff describes his complaint as an "emergency application." (*Id.*) He also asserts the following in his complaint's statement of claim: "Failure of the company as of, determined February 28, 2022. References available. All respects to building authority provided. Service date of notice January 28th 2022." (*Id.*)

In the injuries section of his complaint, Plaintiff states: "pain and suffering – 2021 – 2022/present. Holistic wellness practices. Provider information available upon request." (*Id.* at 6.) In addition, Plaintiff asserts the following in the relief section of his complaint: "Wrongdoing/Unlawful business activity termination. Causation of damages, litigation regs to be

presented at case end. Forfeiture of ownership, transfer of ownership, rights to plaintiff, or equivalent. More information available upon request." (*Id.*)

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is delineated generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has subject matter jurisdiction of a claim only when a "federal question" is presented, or when the plaintiff asserts claims under state law under the court's diversity jurisdiction, when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

To support federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating that the plaintiff has a federal law

claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff asserts that one of the jurisdictional bases of his claims is "liberty of party," which the Court understands to be an assertion that there is a federal claim supporting federal question jurisdiction. Plaintiff has alleged no facts, however, showing that the Court has federal question jurisdiction of his claims.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of his claims. To establish diversity jurisdiction, a plaintiff must first allege that he and the defendant are citizens of different states. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff asserts that both he and the defendant are citizens of the State of New York, and he alleges no facts showing that his claims satisfy the jurisdictional amount, which must exceed the sum or value of $75,000. Thus, the Court has no diversity jurisdiction of Plaintiff's claims.

Because Plaintiff does not show that the Court has federal question or diversity jurisdiction of his claims, the Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims in an amended complaint in which he alleges facts showing that this Court has subject matter jurisdiction of his claims; Plaintiff must allege facts showing that the Court has federal question or diversity jurisdiction of his claims.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), but grants Plaintiff 30 days' leave to replead his claims in an amended complaint in which he alleges facts showing that this Court has subject matter jurisdiction of his claims. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for lack of subject matter jurisdiction. *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge